

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER  DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT OF T...

JUL 2 8 2005

DAVID J. MALAND, CLERK
BY
DEPUTY

6:97cr42

UNITED STATES OF AMERICA        §

v.                              §        CRIMINAL No. 6:97cr42

STANLEY EUGENE EITSON           §

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 28, 2005, a hearing was held on the Government's Petition to Revoke the Supervised

Release of the defendant, Stanley Eugene Eitson. The Government was represented by Jim

Middleton, Assistant United States Attorney for the Eastern District of Texas, and the defendant was

represented by Federal Public Defender, Greg Waldron.

The defendant was originally sentenced on January 28, 1998, before The Honorable John

Hannah, Jr. of the Eastern District of Texas for the offense of possession with intent to distribute

methamphetamine.    The defendant was subsequently sentenced to 100 months imprisonment and

60 months supervised release subject to the standard conditions of release.  On May 21, 2004, the

defendant completed his period of imprisonment and began service of the supervision term.

The Government brings this petition for revocation of the defendant's Supervised Release,

alleging that the defendant violated two conditions of his supervised release.  The first condition

allegedly violated is that the defendant shall refrain from the unlawful use of a controlled substance.

The government alleges that the defendant submitted urine specimens that tested positive for

methamphetamine on August 31, 2004, May 26, 2005, and July 7, 2005.  The second charge is that

the defendant violated the condition that the defendant shall participate in a program of testing and

1

treatment of drug abuse by failing to report for his bi-weekly counseling sessions for the month of June 2005. At the July 28, 2005 hearing, the government orally withdrew its second charge and the Court granted this motion to withdraw.

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. The maximum statutorily authorized sentence for the alleged violation, based on the grade of the underlying offense, is three years imprisonment with a Guideline range of 6 to 12 months.

The government and the defendant agreed that if the defendant pled true to the first violation of his terms of supervised release as stated above, they would jointly recommend that the defendant be sentenced to nine months imprisonment, as well as recommend that the defendant receive credit for the time served since he self-reported to Court on July 28, 2005. As stated above, the government also agreed to dismiss the second charge, alleging that the defendant failed to report for his bi-weekly counseling session for the month of June 2005. The defendant pled true to violating the condition that he shall refrain from unlawful use of a controlled substance by submitting urine specimens that tested positive for methamphetamine on August 31, 2004, May 26, 2005, and July 7, 2005.

The Court finds that the defendant's plea was made freely and voluntarily and that the defendant is competent to enter this plea. The Government recommended that the defendant's conditions of release be revoked and the defendant be sentenced to 9 months imprisonment with no supervised release to follow. As stated above, the parties agreed to this recommendation.

2

Furthermore, the defendant waived his right to a probable cause and detention hearing, as well as his right to appear at the sentencing hearing.  The defendant also requested that the Court recommend that he be imprisoned at the federal correctional facility in Seagoville, Texas.

Pursuant to the Sentencing Reform Act of 1984 it is the recommendation of the Court that the defendant, Stanley Eugene Eitson, have his supervised release revoked and that he be sentenced to nine months imprisonment at Seagoville, FCI, being given credit for time served since he self-reported to Court on July 28, 2005.

**SIGNED** this **29** day of **July, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE

3